**SIGNED this 19th day of July, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Seguin Hotel Corp. | 09-53355-C |
| *Debtor* | Chapter 11 |
| Jefferson State Bank | |
| *Plaintiff* | |
| v. | Adv. No. 09-5107-C |
| Seguin Hotel Corp., TR Management, Inc., Marjorie P. Avery, Individually, et al. | |
| *Defendants* | |

**Memorandum Decision on Motion of Added Defendants to Dismiss Complaint as to Added Defendants, Pursuant to Rule 12(b)(6)**

Came on for consideration the foregoing matter. Certain added defendants, all heirs or successors of a guarantor, seek dismissal of this complaint as against them, on grounds that they cannot be held liable on the guaranty executed by the decedent in favor of the plaintiff bank. For reasons stated in this decision, the court agrees in part.

**Background**

Jefferson State Bank lent money to Seguin Hotel Corp. for the purchase of a hotel near Seguin, Texas. Incident to the loan, the bank obtained a guaranty from Thomas Reynolds, Jr. Mr. Reynolds died October 23, 2002. On July 24, 2009, the bank filed a lawsuit in state court against Seguin Hotel Corp. for judgment on the note. It also sued TR Management and Marjorie Avery, both of whom were alleged guarantors. The bank also scheduled the hotel property for nonjudicial foreclosure to be held the first Tuesday in September 2009. Seguin Hotel Corporation filed a bankruptcy petition on August 31, 2009, a few days before the scheduled foreclosure.

On September 7, 2009, the defendants to the lawsuit jointly removed it to this court. The removal was not contested. On March 1, 2010, the bank amended its complaint to add the Thomas A. Reynolds Jr. Trust, the Della Mae Reynolds Marital Trust, and Della Mae Reynolds, Individually (collectively referred to here as "the Added Defendants"). According to the Amended Complaint, Tommy A. Reynolds, Jr. executed a guaranty on December 28, 2000 (a copy is attached to the complaint). The bank adds that the Deed of Trust (also attached to the complaint) provides that, if the guarantor dies, the obligations of the guarantor "shall continue as an obligation against the Guarantor's estate with respect to the Guaranteed Indebtedness." The Amended Complaint acknowledges that Tommy A. Reynolds, Jr. died, and that an independent administration was commenced. The Amended Complaint alleges that, in April 2009, the Added Defendants all received substantial distributions out of the Tommy A. Reynolds Jr. Estate. The bank says that an event of default occurred in July 2009, and that notice

2

was given to the the estate of Tommy A. Reynolds Jr., via notice to the independent executor of that estate.

With respect to each of the Added Defendants, it is claimed that there is guaranty liability for an amount in excess of $2.4 million (plus accruing interest and attorneys' fees), the result of the breach by Seguin Hotel Corporation. The Amended Complaint then says, with respect to each of the Added Defendants that each of them "as a beneficiary of the Estate of Tommy A. Reynolds, Jr. has breached the terms of the Reynolds Guaranty" and that each of them, as beneficiaries, "is in default under the terms of the Reynolds Guaranty." Notwithstanding these broad statements, however, the bank states that it seeks judgment against each of the Added Defendants only for an amount equal to "the lesser of the distribution to [the beneficiary] out of the Tommy A. Reynolds Estate or the unpaid balance of the Note for breach of the Reynolds Guaranty and recovery of damages in an amount equal to the unpaid principal, accrued and unpaid interest and other applicable charges due to Jefferson under the Note plus interest, attorneys' fees, expenses, and costs of court."

The Added Defendants brought this motion to dismiss under Rule 12(b)(6), alleging that the plaintiff bank cannot prevail as a matter of law. They attach copies of the Deed of Trust and the Guaranty Agreement, as well as a copy of a letter to the bank from 2002, advising the bank of the then recent death of Tommy Reynolds Jr. They state that it should be obvious that beneficiaries of a decedent's estate cannot be held personally liable for the debts of the decedent, not even if the debt is an absolute guaranty, especially when it appears that the bank took no steps to assert their claim against the estate of the decedent. They add that, in any event, the statute of limitations

3

has long run on this indebtedness, such that it is no longer enforceable, either against the estate or against the Added Defendants.

The bank replies that the Added Defendants, though not signatories to the Guaranty Agreement, are beneficiaries of the guarantor's estate, "and thus are liable in their beneficiary capacity to the extent of the distribution they received from the Estate." It appears to be the bank's position that all debts assertable against the probate estate attach in some manner to the proceeds distributed to the heirs, and that the heirs can then be directly sued for the unpaid debt up to the amount of property they received. The bank also relies on a provision of the Deed of Trust which says that the Guaranty is "binding upon ... [the guarantor's] successors, assigns, heirs, and legal representatives and all other persons claiming by, through, or under them."

As for the statute of limitations defense, the bank notes that, if the Added Defendants are relying on the provision of the Deed of Trust that says that the bank has 90 days to get new guaranties from the heirs once the guarantor dies, that reliance is misplaced because the bank can waive a default if it wants to, and it waived this default. Thus, the 90 day time frame set out in the Deed of Trust does not apply to the bank.

The Added Defendants, in response, are incredulous. They say, in their reply, "beneficiaries of a deceased guarantor do not automatically inherit the legal and contractual obligations of their ancestor. If such was the case, all individuals (without any say) would be <u>personally</u> liable in perpetuity to [sic] the debt and/or obligations of ancestors." They add that they have found no law to support such a proposition, and say that "Plaintiff has failed to allege any jurisprudence or public policy which would warrant this nonsensical extension of liability." The Added Defendants further note that

they cannot be sued for breach of a contract (the guaranty agreement) which they never signed. The cause of action is missing a basic element -- privity.

The Added Defendants are similarly leery of plaintiff's claim that a creditor can simply sue heirs on debts owed by the decedent. They note that the cases cited by the plaintiff stand for no such thing, and add that the Texas Supreme Court has ruled that an action against heirs and beneficiaries is possible only if there is no representative of the decedent's estate to name in a suit to enforce the debt. The plaintiff here waited until *seven years* after the death of the guarantor, and then sued not the estate of the guarantor, or the personal representative of that estate in his representative capacity, but the beneficiaries directly, in derogation of settled law.

As for the bank's response to the limitations argument, the Added Defendants say that "the bank, if it wishes, may waive its right[s], but it can't waive the right of limitations owned by the guarantor, his estate, and or his beneficiaries. Waiver by definition, is a waiver of one's own rights, not someone else's rights, say the Added Defendants.

Added Defendants are dismissive of plaintiff's claim that it could not sue either the estate or these beneficiaries any earlier because it had no way of knowing what the Added Defendants would do with their distributions, or whether they would agree to sign new guaranty agreements, as provided in the Deed of Trust, so that suit any earlier than April 2009 (when distributions were made) would have been premature. Added Defendants note that all of these considerations are irrelevant. The Probate Code required the bank, as a creditor with an unconditional guaranty, to present its claim promptly to the personal representative of the estate. There is no law that requires a

5

creditor to wait for distribution to beneficiaries, and then to further wait to see whether the beneficiaries will pay the decedent's creditors, they say.

**Analysis**

Motions to dismiss under Rule 12(b)(6) are a far more serious matter today, after the Supreme Court's recent jurisprudence in the area. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Today, pleadings that are not plausible on their face are subject to dismissal under Rule 12. *Twombly*, 550 U.S. at 558 (citing Wright & Miller for the proposition that when allegations in a complaint, however true, could not raise a claim of entitlement to relief, the deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court). The Added Defendants claim that the Plaintiff here has not urged a plausible basis for holding them liable on the guaranty of Tommy Reynolds, Jr., and seek dismissal under Rule 12.

The Added Defendants do not seek summary judgment at this stage, but they ask the court to look not only at the Amended Complaint but also at its attachments and to matters of public record. Certainly the court is permitted to look at an exhibit attached to a complaint, as the exhibit is deemed to be part of the complaint. *In re Financial Acquisition Partners, LP*, 440 FR.3d 278, 286 (5th Cir. 2006); *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). As for matters of public record, the court is permitted to rely on public records of the sort of which the court could take ready judicial notice. *See, e.g. Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372 & n. 3 (5th Cir. 1995) (lower court took judicial notice of state court orders). The court's reliance on these materials does not convert the motion to a summary judgment motion.

6

The court will treat this matter as simply a motion to dismiss, and not as a motion for summary judgment. *See* FED.R.CIV.P. 12(d), *Ware v. Associated Milk Produces, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) (court has discretion to consider or not consider additional materials and to treat a motion to dismiss as one for summary judgment). The moving parties did not ask the court in their motion to look at matters beyond the pleadings. The fact that the responding parties, without prior approval of the court, sought to present an affidavit in rebuttal does not convert the motion to one for summary judgment under Rule 12(d), because the rule applies to what the *movant* seeks to have the court review, not to what the *respondent* tries to put in front of the court. *See Ware*, *supra*; *see also Hernandez v. Coffey, C.O.*, 582 F.3d 303, 307 (2nd Cir. 2009) (noting that *the motion* may be treated as one for summary judgment when it presents matters outside the pleadings which are not excluded by the court, but that reasonable opportunity should then be afforded to present other materials pertinent to the motion). The court accordingly declines to review the affidavit attached to the reply to the motion to dismiss.

With regard to the first argument in the motion, it is frankly difficult to present the argument more forcefully or persuasively than have the Added Defendants. Perhaps in another age, another millenium, when there were lords and serfs, the debts of the father could be visited on the sons and the grandsons and their heirs, forever holding the serfs in bondage to the lord of the manor. But not in this age.

In Texas. for a person to be liable on a contract (including a contract of guaranty), the person must be in privity. Privity of contract is "that connection or relationship which exists between two or more contracting parties. It is essential to the maintenance of an

action on any contract that there should subsist a privity between the plaintiff and defendant in respect of the matter sued on." *See* Black's Law Dictionary, 4th Ed. Rev. (West 1968). There is here no relationship between the Added Defendants and the Plaintiff with respect to this contract of guaranty. They are strangers to the contract. The fact that the guarantor signed a document *purporting* to bind his heirs is of no moment whatsoever. He had no authority to bind them, and nothing indicates that they volunteered to be liable as guarantors at any point in time. Accordingly, the Plaintiff cannot hold them directly liable on the basis of the decedent guarantor's Guaranty Agreement, regardless what it says, because none of the Added Defendants were parties to that agreement. Nothing could (or should) be more obvious. *See First Nat'l Bank v. Martin & Co.*, 162 S.W. 1029, 1031 (Tex.Civ.App. -- Austin 1914) ("we think, in the absence of an express guaranty of payment of the account in the present case, that none existed, and that therefore there was no privity between the defendants Martin & Co. and Gohlman, Lester & Co., for which reason we think that they were not liable on the alleged guaranty, and therefore Gohlman, Lester & Co.'s plea of privilege was properly sustained"); *Farmer v. Burroughs Adding Mach. Co.*, 10 S.W.2d 204, 205 (Tex.Civ.App. -- Beaumont 1928) ("It is the well-recognized law of this state that 'no person can sue upon a contract, except he be a party to or in privity with it.' House v. Houston Water Works Co., 88 Tex. 233, 31 S.W. 179, 28 L.R.A. 532; U.S. Fidelity & Guaranty Co. v. Thomas (Tex. Civ. App.) 156 S.W. 573; Gulf, C. & S. F. R. Co. v. Bartlett (Tex. Civ. App.) 75 S.W. 56"); *Fidelity & Deposit Co. of Md. v. Reed*, 109 S.W.2d 939, 941 (Tex.Civ.App. -- San Antonio 1937); *Hardin Lumber Co. v. Shepherd*, 40 S.W.2d 215, 221 (Tex.Civ.App. -- Galveston 1931) ("Privity of contract is an essential element of

a plaintiff's cause of action upon any character of contract, and there can be no difference in the rule which applies to a suit upon a contract of guaranty and the rule applying in a suit on a bond"); *Weekes v. Sunset Brick & Tile Co.*, 56 S.,W. 243, 247 (Tex.Civ.App. -- Houston 1900) (party who was not an agent had no authority to bind another by any representations as to their obligations); *Spoor v. Gulf Bitullthic Co.*, 172 S.W.2d 377, 379-80 (Tex.Civ.App. -- Galveston 1943) (absent valid lien, surviving spouse not liable on paving contract, there being no privity of contract between her and the parties performing the work).

Little wonder that the Deed of Trust provides for the beneficiaries of the decedent guarantor's estate to "execute and deliver to [lender] a guaranty agreement in form and substance acceptable to beneficiary, pursuant to which each beneficiary guarantees the repayment of the indebtedness to the same extent provided in the Guaranty from the Guarantor." What is more, the Deed of Trust only asks that the beneficiaries be liable on such guaranty for an amount "limited to the value of the assets received by such beneficiary from the estate of the Guarantor." In other words, the beneficiaries would not be liable at all unless they executed a guaranty, and if they did sign such a guaranty, their liability would be limited to the amount they received from the estate. By implication then, if the beneficiaries did *not* sign such a guaranty, then they could not be liable *at all* with respect to the decedent's guaranty obligation. The language of the deed of trust reflect that lender itself knew what the law does and does not allow. The guaranty claim

9

cannot be asserted against the Added Defendants as a direct, personal liability. They are not in privity on this contract of guaranty, and so cannot be liable on those grounds.[1]

This does not end the discussion however. The claim of guaranty was certainly (and may still be) assertable against the decedent's estate. This is so because an absolute guaranty of payment is, by definition, not a contingent obligation and must, all other things being equal, be properly presented to the estate for allowance and payment by the estate's representative. If the claim is not allowed or is rejected, then it must be sued on within 90 days after being rejected. *See* TEX. PROB. CODE, §§ 323, 312, 313 (West 2010) (suit on a rejected claim must be brought in the probate jurisdiction in which the decedent's estate is pending); *see also* Dorsaneo, TEX. LITIG. GUIDE - ESTATE PRAC. § 401.02 (Matthew Bender 2010); *see generally* 2-32 TEX. PROBATE, ESTATE AND TRUST ADMINISTRATION § 40.06 (Matthew Bender 2009).

No one at this stage disputes that the Plaintiff did not assert a claim against the decedent's estate for this guaranty liability. That may or may not be fatal to the Plaintiff's action against the Added Defendants, depending on facts which have yet to be adduced in this case. Section 294 provides the means for giving publication notice requiring all persons having claims against the estate to present those claims with the time

---

[1] Contracts of guaranty are strictly construed. The contract of a surety or guarantor may not be extended by construction or implication beyond its precise terms. *See Vastine v. Bank of Dallas*, 808 S.W.2d 463, 464 (Tex. 1991) (per curiam); *McKnight v. Virginia Mirror Company*, 463 S.W.2d 428, 430 (Tex. 1971); F*DIC v. Attayi*, 745 S.W.2d 939, 943-944 (Tex. App.--Houston [1st Dist.] 1988, no writ) (rights of guarantors must be determined from language of contract); *First Interstate Bank v. Turner*, 791 S.W.2d 179, 181-182 (Tex. App.--Texarkana 1990, den.) (guarantor of debts incurred by "J.D. Richardson, Inc." is not liable for debts incurred by J.D. Richardson individually). If the meaning of a guaranty contract is uncertain and is susceptible to two interpretations, one favorable to the surety or guarantor and the other unfavorable, the favorable interpretation will be adopted *See Southwest Savings Association v. Dunagan*, 392 S.W.2d 761, 767 (Civ. App.--Dallas 1965, ref. n.r.e.) ; *Moffitt v. DSC Finance Corp.*, 797 S.W.2d 661, 665-666 (Tex. App.--Dallas 1990) , *denied per curiam*, 815 S.W.2d 551 (Tex. 1991) (construction that did not favor guarantor was erroneous)]; *see generally* Dorsaneo, TEX. LITIG. GUIDE, § 231.02 (Matthew Bender 2010).

prescribed by law. *See* TEX. PROB. CODE § 294(a). The section also contains a provision for giving specific notice to unsecured creditors expressly requiring such creditors to present a claim within four months of the notice. *Id.*, at § 294(d). Section 298 then says that claims may be presented at any time before the estate is closed, but that claims that have received specific notice as provided in section 294(d) are barred if not timely presented. *Id.*, § 298(a). A claim presented to the representative may be rejected, and the representative is obligated to filed a memorandum with the clerk of the probate court to that effect. *Id.*, § 309. If the representative does not act within 30 days of receipt of the claim, the claim is deemed rejected. *Id.*, § 310. The claimant may then context the claim, or may bring suit on the rejected claim. *Id.*, §§ 312, 313. However, the claimant must bring action promptly, or it will be barred. *Id.*, §§ 298(b), 313.

>Section 318 then tells us that,
>
>No claim for money against the estate of a decedent shall be allowed by a personal representative and no suit shall be instituted against the representative on any such claim, after an order for final partition and distribution has been made; but, after such an order has been made, the owner of any claim not barred by the laws of limitation shall have an action thereon against the heirs, devisees, legatees, or creditors of the estate, limited to the value of the property received by them in distributions from the estate

TEX. PROB. CODE, § 318. Thus, the Plaintiff to prevail must first demonstrate that it took the necessary steps to qualify for bringing a direct action under this section of the Probate Code. The Added Defendants may similarly put forward evidence to show that the requisite notices were given by the personal representative to the Plaintiff, such as

to bar an action against them. These are all matters of fact that cannot be decided at this stage of the legal process.[2]

Thus, the motion to dismiss should be granted as to the first ground asserted, and the Added Defendants are thus adjudged not personally liable as a matter of law on the guaranty, because they are not in privity. However, the Added Defendants may be liable up to the amount of value of property received by them in distributions from the estate by virtue of the provisions in section 318 of the Texas Probate Code. The court construes the Amended Complaint as sufficient to urge an action under this provision.

A separate order will be entered in accordance with this Memorandum Decision.

# # #

---

[2] Added Defendants claim that the Plaintiff's claim is barred by the statute of limitations for asserting a claim on an absolute guaranty. The court believes that there are sufficient facts alleged to suggest that the affirmative defense of limitations may not be available to the Added Defendants, at least at this stage of the case. The court declines the invitation to treat this aspect of the Added Defendants' motion as one for summary judgment on their affirmative defense of limitations.